### ALEXANDER FRANCOIS *v.* JOSEPH OCKS.

Where a party, desirous of obtaining a work of art, selects a particular artist, and employes him to produce it, he is entitled to the labor and skill of the artist whom he has chosen, and is not bound to accept or pay for the work of *another artist*, to whom the former may have entrusted the execution of the work.

And where an artist is employed to paint a portrait, a party is not bound to accept or pay for a painting which is not a likeness of the person designed to be represented.

But in an action brought by the plaintiff, to recover for work and labor in painting a portrait, where it appeared that the defendant accepted the same, promised to pay the sum stipulated, declared it a good portrait, ordered it sent to a frame-maker's, and it was so sent and returned to him; *it* was *held*, that the finding of a justice in the plaintiff's favor should not be disturbed, although the evidence in regard to the *likeness* was conflicting, and although it appeared that the painting was in fact executed by the plaintiff's father.

ACTION in the Sixth District Court for work and labor in painting a portrait of the defendant's wife. The defendant employed the plaintiff to execute the work, and when it was delivered, declared it "*a first rate portrait*," promised to pay the contract price, directed it to be sent to a frame-maker's, where it was accordingly sent, framed and returned to him. At the trial, the evidence was contradictory as to *the likeness*, and it appeared that the portrait was in fact

painted by the plaintiff's father. The justice gave judgment for the plaintiff. The defendant appealed.

*Jacob I. Radcliffe* and *David P. Whedon*, for the defendant.

By THE COURT. WOODRUFF, J.—Had the defendant in this case refused to accept the portrait in question, upon the ground that he contracted for the talents and skill of the plaintiff himself, and could not be required, under such a contract, to accept a painting done by any other artist, I am of opinion that the action could not be sustained. One who desires a work of art, and selects his artist, and agrees with him for his skill, is entitled to that, and nothing less will satisfy the agreement to employ.

But here the evidence warranted the justice in finding that the defendant was satisfied and accepted the work, and that upon the faith of that acceptance, the picture was taken to the framer, framed, and delivered.

Upon the question, whether the portrait was well painted or was a good likeness or not, the evidence was conflicting, and, (although we are clear that the defendant was not bound to accept any other than a *good likeness*, and that an artist who undertakes to paint a portrait is bound to make one that shall be a good likeness of the person,) yet, upon the contradictory evidence exhibited on the trial below, we should not interfere with the finding of the justice on this point.

The judgment must, I think, be affirmed.